OPINION
On August 16, 2000, Charter One Bank, F.S.B. ("Charter One") filed a complaint in foreclosure and for money damages against, in part, Kobenald Corporation, John M. Bender, Donald L. Auld and John D. Kost ("defendants"). Charter One averred that the defendants were in default of payment on a promissory note secured by a mortgage deed. Charter One sought money damages for the unpaid principal balance and interest from November 1, 1999 and requested the mortgage be foreclosed, the property be sold and that any proceeds be applied toward the amount owed.
The defendants filed an answer, denying they were in default of payment.
On December 26, 2000, Charter One filed a motion for summary judgment. Charter One asserted that the defendants were in default and that it had exercised its option under the promissory note to accelerate and call due the entire balance. The defendants filed a memorandum contra, and Charter One filed a reply.
On May 21, 2001, the trial court rendered a decision. The trial court found that the defendants were in default of payment, that the promissory note contained an acceleration provision and that Charter One had properly given the defendants notice of such default and an opportunity to cure. Accordingly, the trial court granted summary judgment in favor of Charter One.
A judgment entry was journalized on June 29, 2001. The defendants (hereinafter "appellants") have appealed to this court, assigning the following errors for our consideration:
 I. BECAUSE NUMEROUS ISSUES OF MATERIAL FACT CONTRADICTING KEY ALLEGATIONS OF THE BANK WERE RAISED IN THE AFFIDAVIT OF MR. DONALD AULD, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
 2. THE TRIAL COURT ERRED IN HOLDING THAT THE BANK'S RE[P]REHENSIBLE AND NEGLIGENT CONDUCT WHICH PRECIPITATED THE ALLEGED DEFAULT WAS "IRRELEVANT."
Appellants' assignments of error will be addressed together. In essence, appellants contend there are genuine issues of fact as to whether or not they were actually in default. Further, appellants contend that the conduct of Charter One (hereinafter "appellee") caused any default and, therefore, appellee should be estopped from accelerating the amounts due and from foreclosing the mortgage. According to appellee, appellants were in default for failure to timely make the December 1999 payment and that the affidavit of its representative, Gloria W. Evans, conclusively establishes that appellants' account was delinquent.
Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. For the reasons that follow, we find that there are genuine issues of material fact and, therefore, summary judgment was inappropriate.
Appellants signed a promissory note and accompanying mortgage on August 16, 1979. The note called for monthly payments of $555.17, due on the first day of each month. Attached to appellee's motion for summary judgment was the affidavit of Gloria W. Evans, one of appellee's vice-presidents. Ms. Evans stated that appellants' account was in default and that there was presently due on the account $38,613.35, with interest from November 1, 1999. Ms. Evans referenced an attached record of payments for such account.
The account number on such record of payments is "5518196." The payment record only shows activity through March 1999. However, it is clear from appellee's brief and its memoranda filed below that appellee considered appellants' account to be in default for failure to timely pay the December 1999 payment. Mr. Auld, one of Kobenald Corporation's agents, also submitted an affidavit. Such affidavit sheds some light on the history leading up to the alleged default and the actions occurring thereafter.
Mr. Auld stated that he was responsible for making the monthly payments on the loan at issue. However, in addition to the loan at issue here, appellants had another mortgage loan with appellee for a different piece of property. Mr. Auld made the monthly payments for each loan with a single check. Mr. Auld went on to describe certain problems that had arisen regarding the loan payments beginning in May 1998. Other problems arose, and Mr. Auld kept in contact with appellee in order to resolve such problems. Mr. Auld believed that in July 1999 the problems were resolved and further stated that during the remainder of 1999, appellants sent and appellee accepted five regular monthly payments.
According to Mr. Auld, appellants had sent appellee two checks evidencing regular monthly payments — one dated December 28, 1999, and one dated February 1, 2000. On or about February 9, 2000, appellee returned the check dated December 28, 1999. Mr. Auld contacted appellee, but no one seemed to be able to explain what the problem was. Mr. Auld stated that appellants continued to make regular monthly payments in 2000 but that appellee returned such payments.
In August 2000, pursuant to a telephone conversation between Mr. Auld and Ms. Evans, Ms. Evans sent Mr. Auld a letter concerning the history of the loans. Mr. Auld understood from such history that the loans were current through December 1999, at which point appellee began refusing the monthly payments made by appellants. Ms. Evans's letter, dated August 18, 2000, references loan number "551812-1." This is not the loan number of the loan at issue in the case at bar. Ms. Evans stated in such letter that the account was due for January through August and was in the process of foreclosure. Ms. Evans attached a document of the loan history activity for loan number "5518121." Such loan history shows that monthly payments of $454.55 were made through and including December 1999.
The evidence submitted below is confusing and incomplete at best.[1]
Appellee's foreclosure action herein is clearly in regard to the loan with the account number 5518196, which calls for a monthly payment of $555.17. Appellee contends that such account is in default for failure to timely make the December 1999 payment. However, the only evidence submitted by appellee in support of such contention is a payment record that goes only through March 1999. Mr. Auld states in his affidavit that he made regular monthly payments through the remainder of 1999. Mr. Auld stated that he made payments on December 28, 1999 and February 2, 2000. According to appellee's records attached to the August 18, 2000 letter, the December 1999 payment of $454.55 on the second loan was received on December 16, 1999. Mr. Auld indicated that he made the monthly payments for both loans with a single check.
Construing the evidence submitted most strongly in favor of appellants, we must conclude that a genuine issue of material fact remains. Under the evidence described above, one could conclude that the December 1999 payment was made on both loans on December 16, 1999, that the January 2000 payment was mailed on December 28, 1999 and that the February 1, 2000 payment was mailed on February 2, 2000. Hence, we cannot say that appellee has conclusively shown that appellants were in default on the loan at issue for failure to timely make the December 1999 payment and that appellee accordingly had the right to refuse to accept further monthly payments and accelerate the loan. In addition, both the note and the mortgage required that notice be given to appellants prior to acceleration for nonpayment of a monthly installment. There is no proper evidence showing that such notice was given appellants.
Because the record below is unclear as to what exactly occurred in the case at bar, summary judgment was inappropriate. For this reason, appellants' first assignment of error is sustained. Given our disposition of their first assignment of error, appellants' second assignment of error is rendered moot.
In summary, appellants' first assignment of error is sustained, and its second assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to such court to conduct further appropriate proceedings.
Judgment reversed and cause remanded.
McCORMAC and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that both parties submitted additional but inappropriate materials with the court below. Appellee attached to its reply memorandum an unauthenticated letter purporting to be a February 2, 2000 default notice. Appellants attached unauthenticated materials to its motion for reconsideration. None of these attachments were proper under Civ.R. 56(C) and (E), and this court does not consider them.